CAROLINE HEUSTIS
v.
LESTER KENNEDY.

*Husband and Wife—Agency—Evidence—Threshing Machine—Secs. 3 and 4, Ch. 70, R. S.*

1. In an action against a wife to recover the amount of an indebtedness alleged to have been incurred by the husband as her agent, it is *held:* That the evidence shows that the husband had continuously acted as the agent of the wife in the management of her farm for a number of years; that this fixes her legal liability for indebtedness connected therewith,

Heustis v. Kennedy.

although she may have had no actual notice of such indebtedness; that the scope of the husband's agency did not extend to the borrowing of money; and that the agency, as to money borrowed, can not be proved by the husband's statements.

2.   An action to recover for services rendered with a threshing machine can be maintained, although the tumbling rods and boxes of the machine were not boxed, unless it appears that the machine in question was run by horse power.

[Opinion filed May 27, 1887.]

In error to the Circuit Court of Kendall County; the Hon. Clark W. Upton, Judge, presiding.

Messrs. Randall Cassem and B. F. Herrington, for plaintiff in error.

Messrs. A. J. Hopkins, N. J. Aldrich and F. H. Thatcher, for defendant in error.

Baker, P. J.   This suit was begun before a Justice of the Peace, and appealed to the Circuit Court, where a jury trial resulted in a verdict and judgment in favor of defendant in error and against plaintiff in error for $68.50 and costs.

The latter was the owner of a life estate in a farm and resided on the same with James Heustis, her husband.   The items of account sued for are principally charges for threshing oats raised on said farm, and for seed corn and seed oats used thereon.   It is insisted that as the husband transacted the business and made the contracts for renting, and for seed corn and oats, and for threshing, he, and not his wife, is liable to pay therefor.

We think that the overwhelming weight of the evidence shows that the husband for a number of years had continuously acted as the agent of the wife in managing the farm and renting portions thereof; that this was done with the knowledge and consent of the wife, and that she got the benefit of the rents and profits.   This fixes her legal liability for the indebtedness contracted by her husband in his manage-

ment of the farm, notwithstanding the fact that she may have had no actual notice of the debt incurred by him in that behalf.

It is also objected to the charges for threshing oats that the evidence shows that the machine with which the threshing was done did not have its tumbling rods boxed or its joints and knuckles boxed; and in that behalf attention is called to Secs. 3 and 4 of Ch. 70 of the Revised Statutes. Said Sec. 4 provides that when it shall be made to appear that Sec. 3 has not been complied with, then no action shall be maintained, and no legal liability shall exist for services rendered with such machine. It is a full and complete answer to this objection to say that Sec. 3, by its express terms, applies only to machines which are connected to horse-powers, and that there is no proof in the record that the threshing machine in question was run by horse power.

An item of $14 was allowed by the verdict of the jury to defendant in error for that much money loaned by him to James Heustis upon his assurance and representation that his wife, the defendant in error, wanted it for the purpose of going to Chicago. The evidence shows, however, that this money never came to the hands of the wife, and that she never sent for it, or knew that her husband got it. It is plain that the borrowing of this money was not within the scope of the husband's agency to carry on and manage the farm of the wife; and also plain that the agency can not be proven by the statements of the supposed agent.

In the view we have taken of the case, it is wholly unnecessary to consider the rulings of the court upon the instructions.

The judgment of the court is reversed as to $14 of the amount found by the verdict and included in the judgment.

The judgment is affirmed in respect to $54.50, the residue of the sum fixed by the verdict and judgment, and in respect to the costs of the courts below. And it is ordered that the costs of this court be taxed against the defendant in error.

*Affirmed in part and reversed in part.*